176

The State, ex rel. Dallman, Supt., Lebanon Correctional Institution, Appellant, *v.* Court of Common Pleas, Franklin County, Appellee.

[Cite as State, ex rel. Dallman, v. Court of Common Pleas (1973), 35 Ohio St. 2d 176.]

(No. 73-134—Decided July 11, 1973.)

*Mr. William J. Brown*, attorney general, and *Mr. Jack H. Cook*, for appellant.

*Mr. George C. Smith*, prosecuting attorney, and *Mr. William B. Shimp*, for appellee.

STERN, J.  The issue on which this case was certified is whether the time limit set forth in R. C. 2947.061,[1] to wit,

---

[1]R. C. 2947.061 provides as follows:

"Subject to Sections 2951.03 to 2951.09, inclusive, of the Revised Code, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter," is mandatory, so as to divest of jurisdiction a trial court which fails to comply therewith. We find, however, that the jurisdictional posture of this case is not such as to permit us to resolve this otherwise justiciable issue.

It is elementary that every action shall be prosecuted in the name of the real party in interest (Civ. R. 17[A], and paragraph one of the syllabus in *Cleveland Paint & Color Co.* v. *Bauer Manufacturing Co.* [1951], 155 Ohio St. 17), and that one having no right or interest to protect ordinarily may not invoke the jurisdiction of a court. (67 Corpus Juris Secundum 898, Parties, Section 6.)

The issue presented to us is primarily of interest to Cooper and other persons who have been placed under the control of correctional institutions throughout the state. It is their future, and, possibly, liberty which are at stake, yet they do not appear as parties to this action. Instead, we have before us an action initiated by the Superintendent of the Lebanon Correctional Institution, the person entrusted with the *care* and *custody* of Cooper. Although not raised by the parties herein, it is essential that we ascertain whether the superintendent, in his official capacity, has sufficient interest in the subject matter of this action to permit him to raise this issue.

As stated in *Sierra Club* v. *Morton* (1972), 405 U. S. 727, 31 L. Ed. 2d 636, 641: "* * * Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon

---

"The authority granted by this section shall be exercised by the judge who imposed such sentence, unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action. In such case a judge of such court or assigned thereto may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as prescribed by the rules or practices concerning responsibility for disposition of criminal matters."

whether the party has alleged such a 'personal stake in the outcome of the controversy,' *Baker* v. *Carr*, 369 U. S. 186 * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' *Flast* v. *Cohen*, 392 U. S. 83 * * *."

An examination of the petition filed reveals no allegation that the superintendent has a personal stake in the outcome of this case. He has no authority or duties other than those conferred by statute, and we find no statute authorizing him to question the jurisdiction of appellee in this instance. The superintendent is entrusted with the "care and custody" of Cooper, but he has no authority to question an authentic order of a court calling for the release of an individual to the custody of the sheriff.

The wisdom of this jurisdictional requirement, that a party must have standing to raise an issue, is well illustrated by the instant case. Few cases present a better example of an instance in which the nature of the parties is such as to not assure adjudication in accordance with the historical connotations of the adversary process.

It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action. We conclude, therefore, that neither this court nor the Court of Appeals has jurisdiction to determine this cause on its merits.

In so holding, we intimate no view on the merits of the issue raised, nor on the judgment in *State, ex rel. Dallman,* v. *Court of Common Pleas, supra* (32 Ohio App. 2d 102), which was certified as being in conflict with the decision reached below.[2]

[2]The court notes the adoption this day of Rule 8 D of the Rules of Superintendence, Supreme Court of Ohio, which provides:

"D. *Probation After Serving Sentence.* Subject to R. C. 2951.03 to 2951.09, inclusive, the trial court may, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into

180

In accordance with the reasons set forth herein, this appeal is dismissed.

*Appeal dismissed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"*If a hearing is deemed necessary by the trial court in the determination of a motion for suspension of further execution of sentence and, for probation made pursuant to R. C. 2947.061, the court shall hold the hearing within sixty days after the filing date of the motion and enter its ruling thereon within ten days of the hearing. If no hearing is conducted on such motion, the court shall enter its ruling thereon within seventy days of the filing of the motion.*

"The authority granted by this rule and R. C. 2947.061 shall be exercised by the judge who imposed such sentence, unless he is unable to act thereon and it appears that his inability may reasonably be expected to continue beyond the time limit for such action. In such case, a judge of such court or assigned thereto may dispose of a motion filed under this section, in accordance with an assignment of the presiding judge, or as prescribed by the rules or practices concerning responsibility for disposition of criminal matters." (Emphasis added.)