DECISION AND JOURNAL ENTRY
On April 9, 1999, the Medina County Court of Common Pleas affirmed the dismissal of Virgil Cochran's appeal to the Ohio Board of Building Appeals ("OBBA"). Cochran has timely appealed from this decision. Cochran has asserted that the trial court erred by (1) failing to recognize that Cochran was, at all relevant times, the agent of the church; (2) requiring him to appeal the decision of the OBBA separately from his previously filed appeal of the Medina County Board of Building Appeals ("MCBBA"); (3) granting improper deference to the OBBA hearing; and (4) improperly captioning the case.[1]
 I
Virgil Cochran was, at one point, acting as general contractor for the Freedom Baptist Church ("FBC") for a construction project that was designed to expand the church. Cochran is a member of FBC. On November 7, 1997, the Medina County Building Department issued order 297-97 informing Cochran that the architectural drawings he submitted did not satisfy the requirements of the Ohio Revised Code because they did not bear the seal of an architect. Cochran appealed from that order to the MCBBA, Case No. 98-2169, which affirmed the order. Cochran appealed this decision to both OBBA, Case No. 98-539, and to the Medina County Court of Common Pleas, State ex rel. Virgil Cochranv. Medina County (Feb. 19, 1999), Medina County C.P. No. 97 CIV 1204, unreported.[2] The OBBA ruled that Cochran lacked standing to appeal. Cochran then attempted to insert his appeal of the decision of the OBBA into his existing appeal in the Medina court of Common Pleas Court of the decision by the MCBBA by giving notice of appeal "to the Common Pleas Court of Medina County Ohio, Case No. 97 CIV1204." The new appeal was docketed as 98 CIV0056, and was maintained as a separate case.
In the meantime, FBC decided not to appeal from the decision by the MCBBA. It complied with the order by the Medina County Building Commissioner. In the appeal before OBBA, FBC declared that it was not appealing from the decision. It also declared that Cochran was not its agent, as "Cochran quit on us after we got the permit to do the building."
 II A. Failure to Recognize that Cochran was the Agent of FBC
In order to invoke the jurisdiction of the court, a person must, "in an individual or representative capacity" have "some real interest in the subject matter of the action." State ex rel.Dallman v. Court of Common Pleas (1973), 35 Ohio St.2d 176, syllabus. The initial order by the Medina Building Commissioner required FBC to come into compliance with the statutory requirements by submitting construction plans that contained an architect's seal. FBC has done so, and has expressly stated that it is not appealing from the affirmation of that order by MCBBA. It also stated that Cochran was not acting as its agent. Cochran has no interest in the subject matter in a representative capacity.
The record below is completely devoid of any evidence that would support a finding that Cochran has any personal interest in the matter. Absent an interest in an individual or representative capacity in the subject matter of the action, Cochran is not a party with standing to invoke the jurisdiction of the court. The trial court properly denied his appeal for lack of standing.
 B. Remaining Assignments of Error
The issue of whether Cochran could properly invoke the jurisdiction of the court is premised on his being the representative of the injured party, or on being directly injured. Because the issues of whether the trial court properly captioned the case, properly separated the cases, and of whether the trial court deferred too heavily to the testimony in the OBBA hearing cannot alter the determination that Cochran was neither an injured party nor a representative of one, they are overruled as moot.
 III
Having overruled all assignments of error, the judgment of the trial court dismissing Cochran's appeal for lack of standing is affirmed.
Judgment affirmed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT CARR, J.
WHITMORE, J.
CONCUR
[1] Cochran has assigned seven errors, none of which comply with App.R. 16(A)(7). In the argument portion of his brief, he has asserted an eighth, but does not separately state the error, as is required by App.R. 16(A)(3). Essentially, his assignments of errors one, two, three, and seven concern his belief thatCochran v. Ohio Board of Building Appeals (Apr. 9, 1999), Medina County C.P. No. 99 CIV 0056, unreported, and State ex rel. VirgilCochran v. Medina County (Feb. 19, 1999), Medina County C.P. No. 97 CIV 1204, unreported, are one and the same case that he was improperly required to separate. To the extent relevant, those concerns are addressed in the second assignment of error above. His fourth assignment of error corresponds to the third, above. His fifth assignment of error corresponds to the fourth above. His eighth assignment of error, which was argued but not assigned, corresponds to the first assignment of error above.
[2] Both parties described this action as an appeal in their briefs, even though the trial court in the separate case below did not caption it as an appeal. Because no clarification is contained in the record of this case, and none is needed for the purpose of this appeal, we use the parties' description of the action and the caption used by the trial court for identification without determining which accurately describes the distinct action.