DECISION
Plaintiff-appellant, Lawrence W. Berman, appeals from the Franklin County Court of Common Pleas grant of summary judgment for defendant-appellee, Franklin County Auditor, Joseph W. Testa ("auditor").
This action has its origin in the unpaid property taxes on two parcels of real estate located on Alum Creek Drive in Franklin County, Ohio. Beginning in 1981, the property taxes on both parcels fell into arrears. In 1993, the Franklin County Treasurer began foreclosure proceedings against the parcels pursuant to R.C. 5721.18. At the time of the foreclosure proceeding, record title in both parcels was in the name of Forex Corporation.
Following the entry of the judgments of foreclosure, the parcels were offered for sale pursuant to R.C. 5721.19 on two separate occasions. No bids were received on either parcel at either sale. Thereafter, judgments were entered declaring the two parcels forfeited to the state pursuant to R.C. 5723.01.
The auditor then attempted to sell the forfeited parcels at auction on three separate occasions. At each of the three sales, CFF Realty Trust ("CFF"), a trust set up for Berman's benefit, was the high bidder. However, following the first two sales, CFF failed to pay the balance of its bid price. As a result, when CFF was again the high bidder at the third sale in August 1995, the auditor sold the parcels to the next highest bidders.
On October 24, 1996, CFF and Berman filed a complaint in the Franklin County Court of Common Pleas naming the auditor and several others as defendants, and seeking $25,000 in damages and to quiet title to the two parcels in themselves. In their complaint, CFF and Berman asserted that they have ownership interests in the two parcels; that they were never properly notified of the foreclosures on, and subsequent forfeitures of the parcels; and that sale of the parcels therefore deprived them of their property without due process of law as guaranteed by theFourteenth Amendment to the United States Constitution.
On November 9, 1998, the parties filed cross-motions for summary judgment. On August 13, 1999, the trial court issued a decision and entry granting the auditor's motion for summary judgment on the grounds that CFF and Berman lacked standing to pursue their action, and overruling CFF and Berman's motion for summary judgment as moot. Plaintiff, Lawrence W. Berman appeals, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1
 The Trial Courts [sic] decision filed August 13, 1999 erred in relying on evidence produced in compliance with Civ.R. 56(C) to determine that Appellant is without standing to prosecute the instant action.
ASSIGNMENT OF ERROR NO. 2
 The lower court erred in granting summary judgment and thus precluded a full hearing of the issues which included constitutional questions and issues that would mitigate for the issue of Appellant's standing to bring this action.
ASSIGNMENT OF ERROR NO. 3
 The trial courts [sic] decision filed August 13, 1999 erred by not finding the Franklin County Treasurer failed to meet notice requirements for an in rem proceeding brought pursuant to R.C. 5721.18(C).
ASSIGNMENT OF ERROR NO. 4
 The trial courts [sic] decision filed August 13, 1999 erred in overruling the Plaintiff's Motion for Summary Judgment as Moot.
Preliminarily, as this matter arises out of the trial court's grant of summary judgment pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
Plaintiff's first two assignments of error challenge the trial court's determination that plaintiff lacked an interest in the subject parcels sufficient to give him standing to challenge their forfeiture and sale.
The common-law doctrine of "standing" holds that only those parties who can demonstrate a personal stake in the matter sought to be litigated may invoke the jurisdiction of the court to hear the matter. State ex rel. Dallman v. Court of Common Pleas
(1973), 35 Ohio St.2d 176, syllabus; Tiemann v. Univ. ofCincinnati (1998), 127 Ohio App.3d 312, 325.
In granting the auditor's motion for summary judgment, the trial court concluded that plaintiff failed to provide any evidence that would tend to show that he had ownership interests in either parcel, and that plaintiff therefore lacked the requisite personal stake in property to pursue his claims.
In challenging the trial court's ruling on appeal, plaintiff concedes that record title to the parcels was in the name of Forex prior to their forfeiture. However, plaintiff asserts that he nonetheless has valid ownership interests in the property. Specifically, plaintiff argues that he has an ownership interest in the parcels because Forex was a corporate entity created by plaintiff for the sole purpose of holding title to the parcels for plaintiff's benefit; that plaintiff was the sole shareholder and operating officer of Forex during its existence; and that Forex's corporate charter was cancelled in 1975 causing title to revert to Berman. Plaintiff further asserts that CFF has an ownership interest in the parcels because title to the parcels was assigned to CFF by Forex for the benefit of plaintiff. Essentially, plaintiff asserts that both Forex and CFF were entities created for his benefit, and that he accordingly has an ownership interest in the property held by these entities.
Because plaintiff has failed to meet his burden of providing some evidence to support his claimed ownership interests in the parcels, we need not determine whether plaintiff's claimed ownership interests in the parcels would give plaintiff standing to prosecute the present action.
The relative evidentiary burdens placed on the parties upon the filing of a motion for summary judgment were discussed at length by the Ohio Supreme Court in Dresher v. Burt (1996),75 Ohio St.3d 280. According to Dresher, where a party seeks summary judgment, on the ground that the non-moving party cannot prove some essential element of a claim, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element of the non-moving party's claim. Id. at 293. In meeting this burden, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the non-moving party has no evidence to support the essential element of its claim. Id. If the moving party succeeds in meeting its initial burden, the non-moving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id. In meeting its reciprocal burden, the non-moving party may not simply rest on its pleading, but must produce some evidence on the essential element challenged by the non-moving party. Id. If the non-moving party is unable to discharge this reciprocal duty, summary judgment for the moving party will be appropriate. Id. at 294-295.
Here, the auditor's motion for summary judgment asserted that plaintiff could present no evidence to establish their interests in the subject parcels. In support of this argument, the auditor submitted the affidavit of Anthony Frissora, the administrator of the Franklin County Auditor's real estate records. In his affidavit, Frissora states that the auditor's records indicate that Forex was the owner of the two parcels prior to their forfeiture. This testimony, standing alone, indicates that plaintiff did not have an ownership interest in the parcels. Accordingly, the testimony was sufficient to meet the auditor's initial evidentiary burden, and to shift the evidentiary burden to plaintiff to come forward with some evidence showing that he did in fact have an ownership interest in the parcels. While plaintiff made various claims that he possesses ownership interests in the property, plaintiff has presented absolutely no evidentiary material to support these claims. Therefore, the trial court's grant of summary judgment for the auditor was appropriate.
Plaintiff's first and second assignments of error are overruled.
Our resolution of plaintiff's first and second assignments of error renders plaintiff's third and fourth assignments of error moot, and we decline to address them. App.R. 12(A)(1)(c).
Having overruled plaintiff's first and second assignments of error, and having found plaintiff's third and fourth assignments of error moot, we affirm the judgment of the trial court.
 ___________________________ GLASSER, J.
LAZARUS and PETREE, JJ., concur.
GLASSER, J., of the Sixth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.