[Cite as *BAC Home Loans Servicing, LP v. Altizer*, 2012-Ohio-5378.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12-CA-13 |
| DAVID ALTIZER, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of
                              Common Pleas, Case No. 10FR10-0651

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 19, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

KIMBERLEE S. ROHR                     JOHN SHERROD
Lerner, Sampson & Rothfuss            Mills, Mills, Fiely & Lucas, LLC
120 East Fourth Street, Suite 800     503 South Front Street, Ste. 240
Cincinnati, Ohio 45202                Columbus, Ohio 43215

*Hoffman, P.J.*

**{¶1}** Defendants-appellants David and Brenda Altizer appeal the June 19, 2012 Entry Granting Summary Judgment and Decree in Foreclosure entered by the Knox County Court of Common Pleas. Plaintiff-appellee is BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("Countrywide").

STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 13, 2006, Appellants executed a promissory note in favor of Countrywide in the amount of $237,500.00. Appellants secured the note with a mortgage to Mortgage Electronic Registration Systems ("MERS") as nominee for Countrywide. Countrywide subsequently indorsed the note in blank and transferred it to Appellee, who later merged with Bank of America. The mortgage was also assigned to Appellee.

**{¶3}** Appellants defaulted under the terms of the note and mortgage, and Appellee accelerated the debt. On October 19, 2010, Appellee filed a Complaint in Foreclosure against Appellants. Copies of the note, mortgage, and assignment of mortgage were attached as exhibits to the Complaint. Appellants filed a pro se Answer, in which they admitted to contacting Bank of America for purposes of a loan modification or federal loan program. Appellants did not assert any defenses or, in any other way, contest Appellee's standing or status as the real party in interest.

**{¶4}** On December 8, 2011, Appellee filed a motion to substitute Bank of America, successor by merger to Appellee, as party plaintiff. Appellee included documents detailing the merger of Appellee and Bank of America, which became effective July 1, 2011. On March 20, 2012, Appellee filed a motion for summary

judgment with the supporting affidavit of Betty J. Marion, Assistant Vice President for Bank of America.  Appellants filed a memorandum contra.  Appellee filed a Notice of Filing of Note which included a copy of the note bearing a blank indorsement from the original lender.  The trial court granted summary judgment in favor of Appellee on June 19, 2012.

**{¶5}**    It is from this judgment entry Appellants appeal, assigning as error:

**{¶6}**    "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE IT DID NOT FOLLOW ITS OWN LOCAL RULE REGARDING EVIDENCE OF ASSIGNMENT OF THE PROMISSORY NOTE AT ISSUE."

STANDARD OF REVIEW

**{¶7}**    Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

**{¶8}**    Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

**{¶9}**  It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I

{¶10} In their sole assignment of error, Appellants contend the trial court erred in granting summary judgment in favor of Appellee as Appellee failed to establish it was the holder of the note at issue.

{¶11} The Local Rules of the Knox County Court of Common Pleas include specific requirements for the filing of foreclosure actions. Knox Local R. 16.01 provides:

{¶12} "Rule 17 of the Ohio Rules of Civil Procedure shall be strictly enforced in all mortgage foreclosure actions. The following information shall be contained in the complaint:

{¶13} "(A) A copy of the note, along with an affirmative statement in the body of the complaint that the plaintiff is the holder in due course of the note. If the note does not reflect that the plaintiff is the holder on its face, a copy of an assignment of the note shall be filed, demonstrating that the plaintiff is the owner and holder of the note."

{¶14} Civ.R. 17(A) reads, in pertinent part:

{¶15} "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification,

joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶16} In *Wachovia Bank, N.A. v. Cipriano,* Fifth Dist. App. No. 09CA007, 2009-Ohio-5470, ¶ 38, this Court explained: "Pursuant to Civ.R. 17(A), the real party of interest shall 'prosecute' the claim. The rule does not state 'file' the claim." We thus rejected the defendant's argument in that case the trial court lacked jurisdiction because Wachovia was not the holder or owner of the note and mortgage at the time of the filing of the complaint. *Id.* at ¶ 40. A party must provide evidence of its right to enforce the note and mortgage prior to the trial court's entering a judgment. *U.S. Bank Natl. Assn. v. Bayless*, Fifth Dist. App. No. 09 CAE 01 004, 2009-Ohio-6115. See, also, *LaSalle Bank Natl. Assn. v. Street,* Fifth Dist. App.No. 08 CA 60, 2009-Ohio-1855, ¶ 28.

{¶17} "The purpose behind the real party in interest rule is 'to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter'." *Shealy v. Campbell*, 20 Ohio St.3d 23, 24-25, 485 N.E.2d 701 (1985). (Citations omitted).

{¶18} "The real-party-in-interest rule concerns only proper party joinder. Civ.R. 17(A) does not address standing; rather, the point of the rule is that "suits by representative plaintiffs on behalf of the real parties in interest are the exception rather than the rule and should only be allowed when the real parties in interest are identifiable and the res judicata scope of the judgment can be effectively determined." *Federal Home Loan Mortgage Corp. v. Schwartzwald*, Slip Opinion No. 2012-Ohio-5017,

quoting *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005), citing *Consumer Fedn. of Am. v. Upjohn Co.*, 346 A.2d 725, 729 (D.C.1975) (construing analogous District of Columbia rule).

{¶19} Standing, on the other hand, is a "jurisdictional requirement". *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Because standing to sue is required to invoke the jurisdiction of the common pleas court, "standing is to be determined as of the commencement of suit." *Schwartzwald*, supra. (Citations omitted).

{¶20} The Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance. Civ. R. 82. "Accordingly, a litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest." *Schwartzwald*, supra.[1]

{¶21} We find the Complaint filed by Appellee in the instant action alleges sufficient general facts, coupled with the attached exhibits, to establish Appellee had standing, at the commencement of the action, to invoke the jurisdiction of the Knox County Court of Common Pleas. Appellee's merger with Bank of America did not impact its standing to initiate the foreclosure or in any way affect its status as the real party in interest.

{¶22} We find Appellee presented evidence to the trial court which established it was the holder of the note and mortgage. Accordingly, we find Appellee complied with

---

[1] We find *Schwartzwald* effectively reverses this Court's previous holdings to the contrary in *Cipriano*, *Bayless* and *Street*.

Civ. R. 17.[2] Further, Appellee supported its motion for summary judgment with affidavits and documents which establish it is the real party in interest. Appellants failed to present any evidence to the contrary or which showed an issue of material fact was in dispute.

{¶23} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Appellee.

{¶24} Appellants' sole assignment of error is overruled.

{¶25} The judgment of the Knox County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

---

[2] To the extent the trial court failed to adhere to its Loc.R. 16.01, we find no abuse of discretion.

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BAC HOME LOANS SERVICING, LP          :
                                                                 :
          Plaintiff-Appellee                            :
                                                                 :
-vs-                                                             :                    JUDGMENT ENTRY
                                                                 :
DAVID ALTIZER, ET AL.                         :
                                                                 :
          Defendants-Appellants                   :                    Case No. 12-CA-13


For the reasons stated in our accompanying Opinion, the judgment of the Knox

County Court of Common Pleas is affirmed.  Costs to Appellants.




                                                   s/ William B. Hoffman_____
                                                   HON. WILLIAM B. HOFFMAN


                                                   s/ John W. Wise _____
                                                   HON. JOHN W. WISE


                                                   s/ Julie A. Edwards_____
                                                   HON. JULIE A. EDWARDS