[Cite as *Bank of Am. v. Lynch*, 2014-Ohio-3586.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100457**

# BANK OF AMERICA

PLAINTIFF-APPELLEE

vs.

# TERRENCE A. LYNCH, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-786440

**BEFORE:** Jones, P.J., Keough J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 21, 2014

**ATTORNEYS FOR APPELLANT**

Michael J. Lubes
Ronald L. Cappellazzo
John F. McIntyre
Mark E. Owens
J.P. Amourgis & Associates
3200 W. Market Street
Suite 106
Akron, Ohio 44333


**ATTORNEY FOR APPELLEE**

Eric T. Deighton
Carlisle McNellie Rini Kramer & Ulrich, Co., L.P.A.
24755 Chagrin Blvd.
Suite 200
Cleveland, Ohio 44122

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Terrence Lynch, appeals the trial court's decision to grant summary judgment in favor of plaintiff-appellee, Bank of America, N.A. Finding no merit to the appeal, we affirm.

I.   Procedural History and Facts

{¶2} In 2005, Lynch's mother, Virginia Fitzgerald, executed a promissory note for $123,325, secured by a mortgage for the purchase of residential property on Collier Road in Strongsville. Virginia's husband, Gregory Fitzgerald, was also on the mortgage. Virginia and Gregory divorced in 2008. As part of the separation agreement incorporated into the divorce decree, Virginia was to retain the Collier Road house "free and clear of any right, title or interest on the part of Husband, and shall be solely responsible for payment of the first and second mortgages on said property." Virginia passed away in 2010.

{¶3} The note was assigned to Bank of America in 2011. The bank alleged that the mortgage payment due August 1, 2011, was never made and no subsequent payments were made on the mortgage.

{¶4} After his mother's death, Lynch lived in the Collier Road home and maintained it. According to Lynch, he tried to make payments on the mortgage for less than the monthly amount due, but the bank refused his payments.

{¶5} In 2012, Bank of America filed a complaint for foreclosure naming various defendants, including Gregory Fitzgerald and Lynch, alleging that the bank was the holder of the mortgage deed, the conditions of the mortgage had been broken by reason of default

in payment, and $107,624.52 plus interest at the rate of 5.8755 percent per annum from July 1, 2011 was owed. The bank further alleged it had performed all the conditions precedent required to be performed by it under the note and mortgage.

{¶6} Lynch filed an answer to the complaint; Gregory Fitzgerald did not. Bank of America moved for default judgment against Gregory Fitzgerald and for summary judgment against Lynch. Lynch opposed the summary judgment motion.

{¶7} Lynch argued that Virginia was the sole owner of the property and he was in the process of having her estate probated to transfer her interest in the property. However, it appears from the record before us that the Collier Road property was never transferred out of Gregory Fitzgerald's name. In exhibits attached to the bank's complaint, Gregory Fitzgerald was listed as the primary property owner as late as May 31, 2012.

{¶8} In August 2013, the trial court granted default judgment in favor of the bank and against Gregory Fitzgerald and summary judgment in favor of the bank and against Lynch.

{¶9} Lynch filed a timely notice of appeal and raises the following assignments of error for our review:

> I. The trial court erred when it granted summary judgment to the plaintiff Bank of America, as there was a genuine issue of material fact as to whether the plaintiff provided the proper notice of default prior to acceleration, as required under the mortgage and applicable federal law and whether it has satisfied all conditions precedent to permit it to foreclose.
>
> II. The trial court erred when it granted summary judgment to the plaintiff Bank of America, as there were genuine issues of material fact remaining and the plaintiff was not entitled to summary judgment as a matter of law.

III. The trial court erred when it granted summary judgment to the Plaintiff where the Plaintiff has failed to establish Standing [sic] or that it is the Real Party in Interest [sic].

## II. Law and Analysis

**{¶10}** Pursuant to Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion and that is adverse to the nonmoving party.

**{¶11}** When moving for summary judgment, the moving party carries the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

**{¶12}** To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary-quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met and (5) the amount of principal and interest due. *HSBC Bank USA, N.A. v. Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594, ¶ 16, citing *United States Bank, N.A. v. Adams*,

6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

A. Notice of Default

{¶13} In the first assignment of error, Lynch argues that genuine issues of material fact remain about whether he received proper notice of default pursuant to the terms of the note and mortgage. Bank of America disputes that it was required to notify Lynch of the default as a condition precedent to pursuing its foreclosure action.

{¶14} Lynch claims he was entitled to notice and did not receive notice as required under law and the terms of the promissory note and mortgage. According to Lynch, the note and mortgage required notice of default be sent to him by first class mail and federal law required personal contact, or a "face-to-face" meeting, notice of default requirements, and notice prior to acceleration of the loan and initiation of foreclosure proceedings. *See* 24 C.F.R. 201.50 (federal regulations governing efforts lenders must make to resolve default of loan issues for loans made under a HUD credit insurance program.)

{¶15} The promissory note for the subject property, which Virginia executed in 2005, provided that notice of default would "be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated * * * above * * * ." The mortgage contained a "Definitions" section, which defined the "Borrower" as "Virginia L. Fitzgerald and Gregory Fitzgerald, wife and husband." Under section 15 of the mortgage, notice was required as follows:

> 15. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one

Borrower shall constitute Notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. *Only the "Borrowers/Mortgagors" are entitled to notice of default and acceleration.*

(Emphasis added.)

{¶16} In its appellate brief, the bank refers to Lynch as the "Successor in Interest of Borrower" under the mortgage. The mortgage defined a "Successor in Interest of Borrower" as "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Interest."

{¶17} Although the bank refers to Lynch as the "Successor in Interest of Borrower," the record contains no evidence in the record that Lynch ever took title to the property; in fact, Lynch conceded he was in the process of having his mother's estate probated to transfer her interest in the property. Nevertheless, the mortgage did not provide for notice to a "Successor in Interest of Borrower."

{¶18} Finally, Lynch has provided no evidence to support his claim that the loan was covered under the HUD program and subject to federal regulations.

{¶19} Lynch maintains that he should have been afforded the same rights as a "Borrower" under the mortgage, but is unable to provide any evidence that he had a interest in the property or otherwise support his claim.

{¶20} The first assignment of error is overruled.

B.   Bank's Affidavit

{¶21} In the second assignment of error, Lynch argues that the affidavit Bank of America attached in support of its motion for summary judgment did not meet Civ.R.

56(E) requirements.[1]

{¶22} Civ.R. 56(E), which sets forth the requirements for affidavits submitted on summary judgment, provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.
>
> {¶23} In *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20, this court stated:

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

*Id.*, quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. "Verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that 'such copies are true copies and reproductions.'" *Najar* at *id.*, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph three of the syllabus.

---

[1] During oral argument, Lynch conceded the second assignment of error; however, we will still briefly discuss the issue.

{¶24} In support of its motion for summary judgment, Bank of America submitted the affidavit of the bank's assistant vice president, Pamela Hunter. In her affidavit, Hunter attested that she was familiar with the type of records maintained by the bank, had personal knowledge of the bank's procedures for creating the records, and that the affidavit was based on her personal knowledge and her review of the bank's records relating to the loan. She further averred that the records were made at or near the time of the occurrence of the matters recorded by persons with personal knowledge or from information transmitted by persons with personal knowledge, that the records were kept in the course of Bank of America's regularly conducted business and that it was the regular practice of the bank to make such records. Hunter attested that the bank had possession of the promissory note and held the note at the time of filing of the foreclosure complaint, the loan went into default when the payment due August 1, 2011, was not made and no subsequent payments were made, the balance due on the note was accelerated, and $107,624.52 plus interest of 5.875% per annum was the balance due on the loan from July 1, 2011. Hunter also stated that the copies of the documents attached to her affidavit were "true and correct copies from the business records."

{¶25} The evidentiary materials submitted by Bank of America established that the bank was the current holder of the note and mortgage, the note was assigned to Bank of America, the loan was in default, the balance owed on the loan, and the conditions precedent to foreclosure as set forth in the note and mortgage had been satisfied. Hunter's affidavit and accompanying documents were, therefore, sufficient to meet Bank of America's initial burden under Civ.R. 56(C) of establishing the absence of any genuine

issues of material fact and its entitlement to judgment as a matter of law on the claims asserted in its complaint. *See Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 25.

**{¶26}** Once Bank of America met its burden of establishing that there was no genuine issue of material fact for trial, under Civ.R. 56, Lynch could not rest upon mere allegations or denials in the pleadings but was obligated to present evidence of specific facts demonstrating a genuine issue of material fact for trial. Accordingly, the burden shifted to Lynch to demonstrate a triable issue of fact. Lynch argues that Hunter's affidavit failed to provide evidence to rebut his averments that he did not receive proper notice. But Lynch's notice argument has been rendered moot by our disposition of his first assignment of error.

**{¶27}** Lynch also claims that Hunter's affidavit failed to state in sufficient detail the basis for her personal knowledge. We disagree and find that the affidavit was sufficiently based on personal knowledge for Civ.R. 56(E) purposes. This court has previously held that there is no requirement that an affiant explain the basis for her personal knowledge where her personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15, citing *Najar* at ¶ 74.

**{¶28}** Therefore, the affidavit was properly considered by the trial court.

**{¶29}** The second assignment of error is overruled.

C. Standing

**{¶30}** In the third assignment of error, Lynch argues that issues of fact remain about

whether Bank of America established it had standing and was the real party in interest because the bank failed to attach a complete assignment to its summary judgment motion or otherwise prove it was the owner of the promissory note at the time the foreclosure complaint was filed.[2]

{¶31} In order to commence an action, a party must have standing, which requires "some real interest in the subject matter of the action." *Surrarrer*, 8th Dist. Cuyahoga No. 100039, 2013-Ohio-5594 at ¶ 8, citing *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). Civ.R. 17(A) provides that a complaint be brought in the name of the real party in interest. Whether standing has affirmatively been established is a question of law subject to our de novo review. *Surrearrer* at *id.*, citing *Deutsche Bank Natl. Trust Co. v. Rudolph*, 8th Dist. Cuyahoga No. 98383, 2012-Ohio-6141, ¶ 16.

{¶32} In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874. A party may establish its interest in the suit, and thus have standing, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

---

[2] During oral argument, Lynch conceded the third assignment of error; however, we will still briefly discuss the issue.

{¶33} Lynch argues that there is insufficient evidence that Bank of America was assigned the note and mortgage because the bank did not attach the assignment as an exhibit to its motion for summary judgment. Lynch is incorrect.

{¶34} R.C. 5301.32 states that a mortgage can be assigned by a separate instrument of assignment, so long as two requirements are satisfied: (1) the instrument must be "acknowledged" in accordance with R.C. 5301.01; and (2) it must be recorded in the appropriate book of the county recorder. *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 27, *appeal allowed*, ___ Ohio St.3d ___, 2014-Ohio-1674, 6 N.E.3d 1204.

{¶35} As to the first requirement, R.C. 5301.01(A) provides that, in executing a deed or mortgage, the grantor or mortgagor must acknowledge the execution before, inter alia, a notary public, who must certify that acknowledgment. *Koch* at ¶ 27.

{¶36} Bank of America attached the following to its complaint and motion for summary judgment: a copy of the "Assignment of Mortgage" filed with the Cuyahoga County Office of Fiscal Officer on October 11, 2011, and the "Corrective Mortgage Assignment" filed on June 28, 2012, showing that Quicken Loans, through its nominee Mortgage Electronic Registration System, Inc., (MERS), assigned the mortgage to Bank of America. Both the original assignment filed on October 11, 2011, and the corrective assignment filed June 28, 2012, were signed by MERS's assistant secretary and included a written certification by a notary public. Therefore, the assignment met the requirements of R.C. 5301.32.

{¶37} Moreover, Hunter attested that Bank of America had possession of the note

at the time of the filing of the complaint.   Although Lynch challenged the sufficiency of her affidavit, we dismissed his concerns under the second assignment of error.

{¶38} In light of the above, Bank of America had standing to initiate the foreclosure action. The third assignment of error is overruled.

{¶39} Finding that reasonable minds could come to only one conclusion and there were no genuine issues of material fact, the trial court did not err in granting summary judgment in favor of Bank of America.

{¶40} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR