[Cite as *HSBC Mtge. Servs., Inc. v. Toth*, 2014-Ohio-4726.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

HSBC Mortgage Services, Inc.

Appellee

v.

Mark A. Toth, et al.

Appellant

Court of Appeals No. S-14-019

Trial Court No. 12CV1327

**DECISION AND JUDGMENT**

Decided:  October 24, 2014

* * * * *

Bill L. Purtell, for appellee.

Brian K. Duncan and Bryan D. Thomas, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas granting appellee's, U.S. Bank Trust, N.A., motion for summary judgment in its foreclosure action against appellant, Mark Toth.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On November 8, 2012, HSBC Mortgage Services ("HSBC"), the predecessor in interest to appellee, filed a complaint in foreclosure against appellant. The complaint alleged that HSBC had possession of and was entitled to enforce a note executed by appellant, that appellant defaulted on the note, that all conditions precedent had been met, and that HSBC had accelerated the balance due on the note, which totaled approximately $97,000. Further, the complaint alleged that HSBC was the assignee of the mortgage, that appellant had broken the conditions of the mortgage, and that HSBC was entitled to have the mortgage foreclosed. Attached to the complaint was a copy of the original note, which was endorsed in blank by the original lender, and a copy of the assignment of mortgage to HSBC. The assignment of mortgage was recorded on April 17, 2012.

{¶ 3} Appellant filed an answer in which he generally denied all of the allegations of the complaint. In addition, appellant raised numerous affirmative defenses including, inter alia, that HSBC lacked standing and was not the real party in interest to enforce the note and mortgage.

{¶ 4} Thereafter, on November 4, 2013, HSBC moved to substitute appellee as plaintiff. Attached to the motion to substitute was a recorded assignment of mortgage transferring the note and mortgage from HSBC to appellee on July 26, 2013. The trial court granted the motion to substitute.

2.

**{¶ 5}** On February 20, 2014, appellee moved for summary judgment. In support of its motion, appellee attached the affidavit of Daniel McClelland, a default service officer. McClelland averred that in his position he had knowledge of the circumstances surrounding the maintenance and retrieval of the loan documents, that the documents are compiled and recorded at or near the time of occurrence as part of regularly conducted business activity by persons with knowledge of the event, and that the documents are kept, maintained, and relied upon in the ordinary course of business. Further, McClelland stated that he reviewed the business records for the loan in this particular case, and that the records show that appellant is in default of the note, owing $97,307.98 and having not made a payment since April 1, 2012. In his affidavit, McClelland also identified the attached note, mortgage, and assignments as true and accurate copies.

**{¶ 6}** Appellant filed a response in opposition to appellee's motion for summary judgment. In his response, appellant presented a list of what he contends are genuine issues of material fact including, but not limited to, appellee's failure to adhere to appropriate regulations and obligations under the mortgage and note, whether payments were properly allocated, whether the mortgage was properly executed, whether appellee breached the underlying note and mortgage, and whether appellee has standing. Additionally, appellant argued that appellee is not a holder in due course of the note as provided under R.C. 1303.32. Finally, appellant argued that McClelland's affidavit does not meet the requirements of Civ.R. 56(E) and is insufficient to support an award of summary judgment. Specifically, appellant argued that the affidavit failed to provide

3.

information regarding McClelland's job duties or explain how he had personal knowledge of the records, that the records referred to in the affidavit are not qualified business records, and that the affidavit neglects to show that the records were compiled at or near the occurrence of the event. Notably, appellant did not attach an affidavit or present any other evidentiary quality material to support his response in opposition.

{¶ 7} Upon consideration of the parties' arguments in their briefs, the trial court entered its decision on April 2, 2014, granting summary judgment in favor of appellee.

### B. Assignment of Error

{¶ 8} Appellant has timely appealed the April 2, 2014 judgment, and assigns one error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF MATERIAL FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

### II. Analysis

{¶ 9} We review summary judgment decisions de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). Applying Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but

4.

one conclusion, and viewing the evidence in the light most favorable to the non-moving party, that conclusion is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} In order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials demonstrating: (1) that it is the holder of the note, which is secured by a mortgage, or that it is otherwise entitled to enforce the instrument; (2) that the mortgagor is in default; (3) that all conditions precedent have been met; and (4) the amount of the principal and interest due. *Fed. Natl. Mtge. Assn. v. Brunner*, 2013-Ohio-128, 986 N.E.2d 565, ¶ 10 (6th Dist.); *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

{¶ 11} In his assignment of error, appellant raises the same issues that he presented to the trial court. We will begin with appellant's argument that McClelland's affidavit does not meet the requirements of Civ.R. 56(E). That rule provides, in pertinent part,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Civ.R. 56(E).

{¶ 12} Appellant contends that the affidavit does not demonstrate McClelland's personal knowledge of the facts. We disagree. Evidence to prove personal knowledge may consist of the witness' own testimony. Evid.R. 602. "A mere assertion of personal

5.

knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Brunner* at ¶ 12, quoting *Residential Funding Co., LLC v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶ 70. Here, McClelland's affidavit states that he is a Default Service Officer, and that in his position he has access to the loan documents and knowledge of the operation and circumstances surrounding their compilation, recording, and maintenance. He further states that he reviewed the records for the loan in this case. Such information is sufficient to demonstrate personal knowledge. *Compare Thorne* at ¶ 71 (personal knowledge established where affiant stated he was an employee of the loan servicing agent and that he handled the lender's account) *with Brunner* at ¶ 16-20 (personal knowledge not established where affiant never disclosed his duties or position, or explained how he had access to the business records).

{¶ 13} Appellant also argues that the affidavit is insufficient because it fails to establish that the loan documents are properly authenticated business records under Evid.R. 803(6). In order to properly authenticate business records, "the witness need not have personal knowledge of the creation of the particular record in question, and need not have been in the employ of the company at the time the record was made, * * * [but] he must be able to vouch from personal knowledge of the record-keeping system that such records were kept in the regular course of business." *State v. Davis*, 62 Ohio St.3d 326, 342, 581 N.E.2d 1362 (1991), quoting *Dell Publishing Co., Inc. v. Whedon*, 577 F.Supp.

6.

1459, 1464, fn. 5 (S.D.N.Y.1984). Here, McClelland averred that he had knowledge of the operations surrounding the maintenance and retrieval of the records, and of the process whereby the document was recorded as part of regularly conducted business activity at or near the time of the event by a person with knowledge of the event. Therefore, we conclude that the records were properly authenticated.

{¶ 14} Accordingly, we find that appellant's arguments concerning the sufficiency of McClelland's affidavit are without merit.

{¶ 15} Appellant additionally argues that appellee lacks standing to pursue this foreclosure. "It is an elementary concept of law that a party lacks standing to *invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22, quoting *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). In this case, HSBC had standing to pursue the foreclosure action because it was the holder and party entitled to enforce the note and mortgage at the time the complaint was filed. During the pendency of the foreclosure action, HSBC transferred its interest in the note and mortgage to appellee. Civ.R. 25(C) provides, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Here, the court granted HSBC's motion to substitute appellee as the plaintiff, and appellee

7.

similarly has standing to pursue the action as the holder and party entitled to enforce the note and mortgage. Therefore, we find appellant's standing argument to be without merit.

{¶ 16} Finally, appellant contends that appellee is not entitled to summary judgment because it is not a holder in due course. Under R.C. 1303.31(A)(1), a party producing an instrument is entitled to enforce the instrument if it is the holder of the instrument. A holder in due course is a type of holder meeting certain additional requirements. R.C. 1303.32. Unlike an ordinary holder, a holder in due course takes a negotiable instrument free from certain defenses and claims of the obligor. R.C. 1303.35. "Whether one is a holder in due course is an issue which does not arise unless it is shown a defense exists." *Arcanum Natl. Bank v. Hessler*, 69 Ohio St.2d 549, 551, 433 N.E.2d 204 (1982).

{¶ 17} Here, although appellant lists a number of defenses, such as improper allocation of payments, unclean hands, and improper execution of the mortgage, appellant has presented no evidence to substantiate any of those claims, or to show that there is a genuine issue for trial. *See Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 24 (nonmoving party bears the initial burden to produce evidence supporting his or her affirmative defenses); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996) (once moving party has satisfied his or her initial burden to demonstrate that he or she is entitled to judgment, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial). Therefore,

8.

because appellant has not established that any defense exists, it is immaterial whether appellee is a holder in due course.

{¶ 18} Accordingly, having found no merit to appellant's arguments, we hold that summary judgment for appellee is appropriate. Appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                           _____
                                                          JUDGE
Thomas J. Osowik, J.

                                             _____
Stephen A. Yarbrough, P.J.                                JUDGE
CONCUR.

                                             _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.