[Cite as *Bank of Am., N.A. v. Gray*, 2013-Ohio-712.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| BANK OF AMERICA, N.A. | : | Hon. Patricia A. Delaney, P.J. |
| SUCCESSOR BY MERGER TO BAC | : | Hon. William B. Hoffman, J. |
| HOME LOANS SERVICING, LP FKA | : | Hon. Sheila G. Farmer, J. |
| COUNTRY WIDE HOME LOANS | : | |
| SERVICING, L/P. | : | |
| | : | |
| | : | Case No. 2012-CA-116 |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | O P I N I O N |
| | : | |
| EDWARD W. GRAY, JR., ET AL | | |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:       Civil appeal from the Fairfield County Court
                               of Common Pleas, Case No. 2012-CV-
                               00389

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         February 14, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

PATRICIA K. BLOCK                         JOHN P. SHERROD
Lerner, Sampson & Rothfuss                Mills, Mills Fiely & Lucas, LLc
120 East Fourth Street, Ste. 800          503 South Front Street, Ste. 240
Cincinnati, OH 45202                      Columbus, OH  43215

*Hoffman, J.,*

**{¶1}** Appellants Edward W. Gray and Tammy Morse ["Gray and Morse"] appeal the decision of the Court of Common Pleas, Fairfield County, which granted summary judgment to appellee Bank of America, successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ["Bank"] in a foreclosure lawsuit.

### Facts and Procedural History

**{¶2}** On July 6, 2007, Gray executed a note for $130,400.00, to Countrywide Home Loans, Inc, dba America's Wholesale Lender. In order to secure the note, Edward W. Gray and Julia Gray granted a mortgage to Mortgage Electronic Registration Systems ("MERS") as nominee for Countrywide Home Loans, Inc. dba America's Wholesale Lender encumbering the real property commonly known as 5028 Bonita Place Carroll, OH 43830.

**{¶3}** The mortgage was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by MERS as nominee for Countrywide Home Loans, Inc. dba America's Wholesale Lender on August 19, 2010. On or about July 1, 2011, BAC Home Loans Servicing, LP merged with Bank of America, N.A.

**{¶4}** Pursuant to the promissory note, Gray made payments up until May of 2010, when he failed to make payment and went into default. On June 16, 2010, the Bank mailed Grey an acceleration letter in compliance with the notice requirements of paragraph 22 of the mortgage. Due to a default on the note and mortgage, the Bank filed its Complaint in Foreclosure on August 30, 2010.

{¶5}   As the Bank failed to prosecute its initial case in accordance with the Trial Court's orders, the first Complaint was dismissed on September 28, 2011. The Bank filed a second Complaint based upon the same grounds as the first on April 13, 2012.

{¶6}   On May 11, 2012, Grey and Morse filed their joint answer asserting as affirmative defenses the Bank's lack of standing and failure to comply with the notice requirements contained in paragraph 22 of the mortgage regarding the Bank's intent to accelerate and/or foreclose and/or advising Grey and Morse of their right to reinstate/redeem prior to acceleration and/or foreclosure with respect to the second lawsuit.

{¶7}   On July 23, 2012, the Bank filed a Motion for Summary Judgment and an Affidavit in Support of Summary Judgment. Grey and Morse filed their Memorandum Contra on August 21, 2012.

{¶8}   On September 10, 2012, the trial court granted the Bank's motion for summary judgment.

{¶9}   Gray and Morse filed a timely Notice of Appeal from the trial court's September 10, 2012 Judgment Entry.

### Assignment of Error

{¶10} Gray and Morse raise the following assignment of error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

### Standard of Review

{¶12} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶13} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983).

### *Summary Judgment*

{¶14} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212(1987).

{¶15} Civil Rule 56(C) states in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶16} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 604 N.E.2d 138(1992).

{¶17} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164(1997), *citing Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264(1996).

{¶18} This appeal shall be considered in accordance with the aforementioned rules.

### *Analysis*

{¶19} Gray and Morse's sole assignment of error relates to the propriety of the trial court's granting of summary judgment in favor of the Bank. Subsumed within this generalized objection are two challenges to the trial court's ruling. Specifically, Gray and Morse contend that: (1) they did not receive notice of the default or notice of acceleration prior to the re-filing of the Bank's foreclosure action; and (2) a material issue of fact exists concerning whether the Bank is in possession of the Note since the

Note produced in discovery contained an allonge while the Note attached to the Bank's Complaint and affidavit supporting the Bank's motion for summary judgment did not.

### *Notice of Acceleration*

**{¶20}** Grey and Morse first argue the terms of the note require the Bank to provide the borrower with notice of acceleration before the holder can seek to enforce the acceleration. Grey and Morse concede that on June 16, 2010, prior to the filing of the first foreclosure case, the Bank mailed them an admittedly proper acceleration letter insofar as it complied with the notice requirements of paragraph 22 of the Mortgage. However, Grey and Morse contend because that action was dismissed, the Bank was required to send a second acceleration letter before filing the second foreclosure case.

**{¶21}** The mortgage at issue provides at paragraph 22,

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-

existence of a default or any other defense of Borrower to acceleration and foreclosure.

**{¶22}** In a contract with an acceleration clause, a breach constitutes a breach of the entire contract. The obligations to pay each installment merged into one obligation to pay the entire balance on the note. *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008–Ohio-6268, 899 N.E.2d 987, ¶31. The mortgagor may cure the default and reinstate the mortgage by payment of all arrearages prior to the effective date of the acceleration. Subject to certain limitations, however, once a mortgage obligation is validly accelerated, only payment of the accelerated amount will be sufficient to avoid foreclosure *HomEq Servicing Corp. v. Schwamberger*, 4th District No. 07 CA 3146, 2008-Ohio-2478, ¶18.

**{¶23}** In the case at bar, all parties agree that on June 16, 2010, the Bank mailed Gray and Morse an acceleration letter in compliance with the notice requirements of paragraph 22 of the mortgage. Gray and Morse would in fact have the contractual right to reinstate their mortgage after the Bank initiated acceleration following their default, but only under the conditions found in ¶ 22 and the acceleration letter dated June 16, 2010. In response to the Bank's motion for summary judgment, neither Gray nor Morse submitted any evidentiary materials to put into question whether they had exercised their rights to cure the default under those provisions.

**{¶24}** In the case at bar, the acceleration letter further provided,

If the default is not cured on or before July 16, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated

and becoming due and payable in full, and foreclosure proceedings will be

initiated at that time.

(Emphasis sic.) After advising Gray and Morse of several options that might be available to them in order to avoid a foreclosure if they are unable to cure the default on or before July 16, 2010, the acceleration letter warned,

In the meantime, [the Bank] will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or enter into a written agreement by July 16, 2010 as outlined above will result in acceleration of your debt.

**{¶25}** In response to the Bank's motion for summary judgment, neither Gray nor Morse submitted any evidentiary materials that they had entered into a written agreement with the Bank or had brought the loan current on or before July 16, 2010. Rather, they argue that the Bank was required to give notice of its intent to accelerate prior to the commencement of each lawsuit.

**{¶26}** The significant facts here are that the underlying note and mortgage never changed, that upon the initial default, the bank accelerated the payments owed and demanded the same principal payment that it demanded in the first complaint, that Gray and Morse never made another payment after the initial default, and that the Bank never reinstated the loan. *U.S. Bank Natl. Assn. v. Gullotta*, ¶19. Gray and Morse never cured the default nor had the loan reinstated. Had there been any change as to the terms of the note or mortgage, had any payments been credited, or had the loan been reinstated, then this case would concern a different set of operative facts

and a second acceleration notice letter would be required. In the case at bar, nothing changed between the date of the alleged default and the filing of the second foreclosure action. Here, there is nothing in the record to indicate there were any fruitful negotiations between the parties in that interim time period. Gray and Morris have continually remained in default since the first missed payment and throughout the filing of both lawsuits. No evidentiary materials were provided to the trial court to raise an issue of material fact concerning whether the Bank had waived any right to act even thought the first foreclosure action was dismissed.

{¶27} Under the facts of this case, we find the Bank was not required to send a second notice of acceleration prior to filing the second foreclosure suit.

### *Allonge*

{¶28} Gray and Morris next argue the note attached to the Complaint and affidavit supporting the Bank's motion for summary judgment did not contain the allonge that was attached to the note produced in discovery and therefore there is a question of material fact as to whether the Bank holds the note.

{¶29} In *HSBC Bank USA v. Thompson*, 2d Dist. No. 23761, 2010–Ohio–4158, the Court observed,

> An allonge is defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Chase Home Finance, LLC v. Fequiere* (2010), 119 Conn.App. 570, 577, 989 A.2d 606, quoting from Black's Law Dictionary (9th Ed.2009).

Id. at ¶56. The allonge must be affixed to the instrument in order for the signature to be considered part of the instrument. Id. at ¶66.

**{¶30}** In the case at bar, the allonge transfers "the Note and all right to payment of all balances outstanding thereunder" from Countrywide Home Loans, Inc., dba America's Wholesale Lender to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

**{¶31}** The mortgage was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by MERS as nominee for Countrywide Home Loans, Inc. dba America's Wholesale Lender on August 19, 2010. On or about July 1, 2011 BAC Home Loans Servicing, LP merged with Bank of America, N.A. There is no dispute the Bank holds the mortgage.

**{¶32}** The affidavit submitted in support of the Bank's motion for summary judgment averred,

> 4. Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP has possession of the note.

**{¶33}** Gray and Morris have not argued the Bank is not the real party in interest and therefore lacks standing to bring this action. See, *HSBC Bank USA v. Thompson*, 2d Dist. No. 23761, 2010–Ohio–4158, ¶10. Rather, they simply argue because the note attached to the complaint does not contain the allonge, it cannot be a true and accurate copy.

**{¶34}** R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

**{¶35}** R.C. 1301.201, provides,

(21) "Holder" means:

(a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;

(b) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

(c) The person in control of a negotiable electronic document of title.

**{¶36}** The note attached to the complaint was endorsed in blank converting the note to bearer paper. R.C. 1303.25(B) reads,

"Blank indorsement" means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

{¶37} Because the note is payable to the bearer, negotiation of the note is accomplished by transfer of possession alone. While the presentation of the original allonge or a certified copy of the note and the allonge would have been preferable, this omission is not fatal to the Bank's claim it is the real party in interest entitled to pursue the foreclosure action. There is no dispute the Bank is the current holder of the note, indorsed in blank. Further, there is no dispute the Bank is the holder of the mortgage. Both the note and the mortgage were transferred to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP." The bank provided sufficient evidence to the trial court that on or about July 1, 2011 BAC Home Loans Servicing, LP merged with Bank of America, N.A. Accordingly, there is no risk appellants may be subject to double payment.

{¶38} The trial court correctly concluded no genuine issue of material fact exists concerning the Bank's possession of the note. Therefore, the trial court did not err in granting summary judgment to the Bank.

{¶39} Appellants' assignment of error is overruled in its entirety.

{¶40} For the forgoing reasons, the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.,

Delaney, P.J., and

Farmer, J., concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

[Cite as *Bank of Am., N.A. v. Gray*, 2013-Ohio-712.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

BANK OF AMERICA, N.A.
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP FKA
COUNTRY WIDE HOME LOANS
SERVICING, L/P.             :
                               :
          Plaintiff-Appellee    :
                               :
                               :
-vs-                             :        JUDGMENT ENTRY
                               :
EDWARD W. GRAY, JR., ET AL    :
                               :
                               :
          Defendant-Appellant   :        CASE NO. 2012-CA-116

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs to appellant.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER