[Cite as *Bank of Am., N.A. v. Lewis*, 2013-Ohio-2293.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 12-COA-035 |
| WENDY L. LEWIS, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland County Court of
                             Common Pleas, Case No. 12-CFR-100

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      May 31, 2013

APPEARANCES:

For Appellant:                          For Appellee:

BRENT L. ENGLISH                        PATRICIA K. BLOCK
The 820 Building                        120 East Fourth Street, Suite 800
820 West Superior Ave., 9th Floor       Cincinnati, OH 45202
Cleveland, OH 44113-1818
                                        BRAD TERMAN
                                        503 S. High St., Suite 100
                                        Columbus, OH 43017

*Delaney, J.*

{¶1} Defendant-Appellant Wendy L. Lewis appeals the August 14, 2012 judgment entry of the Ashland County Court of Common Pleas. Plaintiff-Appellee is Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

## FACTS AND PROCEDURAL HISTORY

{¶2} On March 28, 2006, James Lewis and Defendant-Appellant Wendy L. Lewis executed a Note in the amount of $224,000.00 with Lender, America's Wholesale Lender. The Note was secured by a Mortgage on real property located in Ashland County, Ohio to Mortgage Electronic Registration Systems ("MERS") as nominee for America's Wholesale Lender. The Mortgage was recorded in the Ashland County Recorder's Office. The Note was indorsed in blank by Countrywide Home Loans, Inc., a New York Corporation Doing Business as America's Wholesale Lender. On November 2, 2011, MERS as nominee for America's Wholesale Lender assigned the Mortgage to Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. The Assignment was recorded in the Ashland County Recorder's Office.

{¶3} In August 2011, James Lewis and Wendy Lewis defaulted under the terms of the Note and Mortgage. Bank of America filed its Complaint in Foreclosure against James Lewis and Wendy Lewis on March 19, 2012. Attached to the Complaint were copies of the Note, Mortgage, and Assignment. Both parties were served with the Complaint. Wendy Lewis filed an Answer on May 1, 2012.

{¶4} The trial court held a telephone status conference on June 29, 2012. The trial court issued a judgment entry on June 29, 2012 setting the matter for bench trial on September 24, 2012, "unless this matter is otherwise disposed of prior to then." (Judgment Entry, June 29, 2012).

{¶5} Bank of America filed a Motion for Summary Judgment against Wendy Lewis on July 9, 2012. In support of its motion for summary judgment, it attached the affidavit of Anita Michelle Williams, an officer of Bank of America. The affidavit stated Williams personally reviewed the records made in connection with the Note and Mortgage and she made the affidavit from a review of those business records and from her personal knowledge of how said records were created and maintained. Attached to the affidavit were the statement of the account and duplicates of the Note, Mortgage, and Assignment. Bank of America also filed a Motion for Default Judgment against James Lewis on July 9, 2012. The trial court issued a judgment entry setting July 26, 2012 as the deadline by which responses must be filed to the Motion for Summary Judgment. The non-oral hearing date was scheduled for July 27, 2012.

{¶6} Wendy Lewis did not move to strike the motion for summary judgment. On July 27, 2012, Wendy Lewis filed a motion for extension requesting ten days to file a response to the motion for summary judgment. The date of response would be Monday, August 6, 2012. The trial court did not rule on the motion. On August 6, 2012, Wendy Lewis filed a second motion for extension requesting five days to file a response to the motion for summary judgment. The date of response would be Saturday, August 11, 2012. The trial court did not rule on the motion.

{¶7} Wendy Lewis filed her response to the motion for summary judgment on August 13, 2012.

{¶8} On August 14, 2012, the trial court granted the motion for summary judgment. The trial court did not consider Lewis's response to the motion for summary judgment.

{¶9} It is from this judgment Wendy Lewis now appeals.

## ASSIGNMENTS OF ERROR

{¶10} Lewis raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THE BANK WAS NOT GRANTED LEAVE TO FILE ITS MOTION FOR SUMMARY JUDGMENT.

{¶12} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHOUT CONSIDERING APPELLANT'S TIMELY-FILED OPPOSITION THERETO.

{¶13} "III. THE BANK FAILED TO DEMONSTRATE THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT IN DISPUTE AND THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."

## ANALYSIS

*I.*

{¶14} In Lewis's first Assignment of Error, she argues the trial court erred in granting summary judgment when the trial court did not grant Bank of America leave to file its motion for summary judgment. Bank of America concedes it did not request leave of the trial court prior to filing its motion for summary judgment.

{¶15} Civ.R. 56(A) states:

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶16} The Local Rules of the Ashland County Court of Common Pleas reads, "[t]he procedure specified in Civil Rule 56 applies to summary judgment motions." Loc.R. 19.01(C).

{¶17} The judgment entry setting the trial date in this case states, "the Court hereby ORDERS that a Bench Trial shall be conducted in this case on Monday, September 24, 2012, beginning at 1:00 p.m., unless this matter is otherwise disposed of prior to then." (Judgment Entry, June 29, 2012). In a civil matter, there are a limited number of methods in which the case may be disposed of, including by dispositive motion.

{¶18} When Bank of America filed its motion for summary judgment, Lewis did not file a motion to strike the dispositive motion for the Bank's failure to request leave to file the motion. Lewis instead filed a motion for extension of time to respond to the motion for summary judgment. Lewis raises the argument of the Bank's failure to

request leave pursuant to Civ.R. 56 for the first time on appeal. Generally, arguments raised for the first time on appeal are waived or can be reviewed for plain error.

{¶19} In this case, we find Lewis waived the error. Further, the language of the trial court's June 29, 2012 judgment entry can be interpreted as permitting the filing of dispositive motions without prior leave of court.

{¶20} The first Assignment of Error of Defendant-Appellant Wendy L. Lewis is overruled.

*II., III.*

{¶21} We consider Lewis's second and third Assignments of Error together for ease of discussion. Lewis argues in the second Assignment of Error the trial court erred in failing to consider its response to the motion for summary judgment. In the third Assignment of Error, Lewis contends the trial court erred in granting Bank of America's motion for summary judgment.

{¶22} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court through a de novo review. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will exercise this standard of review and will conduct a de novo review of Bank of America's motion for summary judgment and Lewis's response to the motion for summary judgment.

Standard of Review

{¶23} We must refer to Civ.R. 56(C) in ruling on a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶24} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.  *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).  The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists.  *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶25} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed.  *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## Motion for Summary Judgment in a Foreclosure Action

{¶26} Bank of America argues there is no genuine issue of material fact that it is entitled to foreclose on the Mortgage because it is the holder of the Note and Mortgage, the Mortgage and Assignment was properly recorded, Lewis is in default of the payment terms of the Note and Mortgage, and the amount due is $208,162.23 as of July 1, 2011. It has attached the affidavit of Anita Michelle Williams, an officer of Bank of America, in support of its motion for summary judgment. The statement of account, and duplicates of the Note, Mortgage, and Assignment are attached to the affidavit.

{¶27} In Lewis's response to the motion for summary judgment, she does not dispute she entered into the Note and Mortgage nor does she dispute she is in default of the payment terms of the Note and Mortgage. Lewis argues there is a genuine issue of material fact as to whether Bank of America is entitled to foreclose upon the Mortgage based on the information provided in Williams's affidavit and attachments.

{¶28} Lewis first attacks the verbiage used in Williams's affidavit to assert Bank of America failed to establish it is the holder of the Note and Mortgage. She states the language used by Williams in the affidavit creates a genuine issue of material fact as to whether Bank of America is the holder of the Note and Mortgage. This Court has held that in order to support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing the following:

1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

2.) if the movant is not the original mortgagee, the chain of assignments and transfers;

3.) all conditions precedent have been met;

4.) the mortgagor is in default; and

5.) the amount of principal and interest due.

*Wachovia Bank of Delaware v. Jackson,* 5th Dist. No. 2010–CA–00291, 2011–Ohio–3202, ¶ 41–45.

{¶29} An affidavit must demonstrate the following:

1.) the affiant is competent to testify;

2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;

3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and

4.) the affidavit must be notarized.

*Id.* at ¶ 47–50. In addition, any documents the affidavit refers to must be attached to the affidavit or served with the affidavit, and the documentary evidence must be:

1.) certified copies of recorded documents; or

2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;

3.) the affiant must be familiar with the compiling and retrieval of the records;

4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records.

*Id.* at ¶ 53–57.

{¶30} Our de novo review of the Williams affidavit and attached documentary evidence shows that it complies with the requirements as established in *Jackson, supra.* Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when deciding a motion for summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is "accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Deutsche Bank Nat. Trust Co. v. Hansen*, 5th Dist. No. 2010 CA 00001, 2011-CA-1223, ¶ 12 citing *Modon v. Cleveland*, 9th Dist. No. 2945–M, 1999 WL 1260318 (Dec. 22, 1999) at 5, citing *Bowmer v. Dettelbach*, 109 Ohio App.3d 680, 684, 672 N.E.2d 1081 (6th Dist. 1996).

{¶31} Civ.R. 56(E) provides that an affidavit must "be made on personal knowledge, [and] set forth such facts as would be admissible in evidence." Civ.R. 56(E). An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). *See Bank One v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, at ¶

14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.* This Court has recognized that personal knowledge may be inferred from the contents of an affidavit. *LaSalle Bank National Association v. Street,* Licking App. No. 08CA60, 2009–Ohio–1855, ¶ 22 (In *BAC Home Loans Servicing, LP v. Altizer*, 5th Dist. No. 12-CA-13, 2012-Ohio-5378, this Court recognized *Street* as reversed by *Fed. Home Loan Mort. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, but based on other grounds).

{¶32} In *Deutsche Bank Natl. Trust Co. v. Hansen*, 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223, this Court examined an affidavit submitted by the loan servicing contractor in support of a motion for summary judgment. In addition to the affidavit, the defendant submitted the deposition of the affiant. We held the affiant's depositional testimony was sufficient to demonstrate that, based on the business practices of her organization, the affiant had personal knowledge of whether the copy of the promissory note the affiant received was a true and accurate copy.

{¶33} In the present case, the parties submitted only the Williams affidavit as Civ.R. 56 evidence. Williams stated she has personal knowledge of the facts asserted. Personal knowledge is required to qualify the records of an affidavit under the business records hearsay exception. Evid.R. 803(6) governs the admissibility of business records as an exception to the hearsay rule:

> **(6) Records of regularly conducted activity.** A memorandum, report,
>
> record, or data compilation, in any form, of acts, events, or conditions,

made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶34} We stated in *Hansen*, 2011-Ohio-1223, ¶ 21-23:

The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well. See Staff Note to Evid.R. 803(6). "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.' *State v. Davis,* 116 Ohio St.3d 404, 880 N.E.2d 31, 2008–Ohio–2, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. See also

*McCormick v. Mirrored Image, Inc.* (1982), 7 Ohio App.3d 232, 233, 454 N.E.2d 1363."

The phrase "other qualified witness" should be broadly interpreted. See *State v. Patton* (Mar. 5, 1992), Allen App. No. 1–91–12, unreported, citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. Further, it is not necessary that the witness have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona* (1988), 47 Ohio App.3d 145, 547 N.E.2d 1189, paragraph two of the syllabus. "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Patton,* supra, quoting Weissenberger at 76.

{¶35} Unlike *Hansen* where the defendant submitted the deposition of the affiant to demonstrate there was a genuine issue of material fact to bar summary judgment, in the present case Lewis attempts to create a genuine issue of material fact by attacking the language of the Williams affidavit. In a summary judgment proceeding, the nonmoving party has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶36} We find Bank of America has met its burden under *Jackson* to show there is no genuine issue of material fact it is the holder of the Note and Mortgage, Lewis is in default of the terms of the Note and Mortgage, and the amount due under the Note and Mortgage. Reasonable minds could not conclude otherwise based on the motion for summary judgment and response.

{¶37} Lewis next argues Bank of America failed to establish it was the holder of the Note because there is no assignment of the Note. The Note contains a stamp that reads, "PAY TO THE ORDER OF _____ WITHOUT RECOURSE Countrywide Home Loans, Inc. a New York Corporation Doing Business as America's Wholesale Lender." It is signed by David A. Spector, Managing Director. This Court in *Bank of America, N.A. v. Gray*, 5th Dist. No. 2012-CA-116, 2013-Ohio-712 recently addressed this same issue. The argument by the defendants in *Gray* was the note did not contain an allonge and therefore created a genuine issue of material fact as to whether Bank of America was the holder of the note. We held:

> In *HSBC Bank USA v. Thompson*, 2d Dist. No. 23761, 2010–Ohio–4158, the Court observed,
>
> > An allonge is defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Chase Home Finance, LLC v. Fequiere* (2010), 119 Conn.App. 570, 577, 989 A.2d 606, quoting from Black's Law Dictionary (9th Ed.2009).
>
> Id. at ¶56. The allonge must be affixed to the instrument in order for the signature to be considered part of the instrument. *Id.* at ¶66.

In the case at bar, the allonge transfers "the Note and all right to payment of all balances outstanding thereunder" from Countrywide Home Loans, Inc., dba America's Wholesale Lender to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

The mortgage was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by MERS as nominee for Countrywide Home Loans, Inc. dba America's Wholesale Lender on August 19, 2010. On or about July 1, 2011 BAC Home Loans Servicing, LP merged with Bank of America, N.A. There is no dispute the Bank holds the mortgage.

The affidavit submitted in support of the Bank's motion for summary judgment averred,

4. Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP has possession of the note.

Gray and Morris have not argued the Bank is not the real party in interest and therefore lacks standing to bring this action. See, *HSBC Bank USA v. Thompson*, 2d Dist. No. 23761, 2010–Ohio–4158, ¶10. Rather, they simply argue because the note attached to the complaint does not contain the allonge, it cannot be a true and accurate copy.

R.C. 1303.31 provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A non-holder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

(B) A person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

R.C. 1301.201, provides,

(21) "Holder" means:

(a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;

(b) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

(c) The person in control of a negotiable electronic document of title.

The note attached to the complaint was endorsed in blank converting the note to bearer paper. R.C. 1303.25(B) reads,

"Blank indorsement" means an indorsement that is made by the holder of the instrument and that is not a special indorsement. When an

instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

Because the note is payable to the bearer, negotiation of the note is accomplished by transfer of possession alone. While the presentation of the original allonge or a certified copy of the note and the allonge would have been preferable, this omission is not fatal to the Bank's claim it is the real party in interest entitled to pursue the foreclosure action. There is no dispute the Bank is the current holder of the note, indorsed in blank. Further, there is no dispute the Bank is the holder of the mortgage. Both the note and the mortgage were transferred to "BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP." The bank provided sufficient evidence to the trial court that on or about July 1, 2011 BAC Home Loans Servicing, LP merged with Bank of America, N.A. Accordingly, there is no risk appellants may be subject to double payment.

*Bank of America, N.A. v. Gray*, 2013-Ohio-712, ¶ 29-37.

{¶38} We find the conclusion reached by this Court in *Gray* to be applicable to the present case. The Note in this case is indorsed in blank, coverting the Note to bearer paper where negotiation of the Note is accomplished by transfer of possession. The Williams affidavit states, "Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP has

possession of the note." There is no genuine issue of material fact as to Bank of America's possession of the Note.

{¶39} Accordingly, we find the trial court did not err in granting summary judgment in favor of Bank of America upon our de novo review of the motion for summary judgment and response.

{¶40} The second and third Assignments of Error of Defendant-Appellant Wendy L. Lewis are overruled.

## CONCLUSION

{¶41} The three Assignments of Error of Defendant-Appellant Wendy L. Lewis are overruled.

{¶42} The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BANK OF AMERICA, N.A.          :
                              :
    Plaintiff - Appellee       :          JUDGMENT ENTRY
                              :
                              :
-vs-                          :
                              :          Case No.    12-COA-035
WENDY L. LEWIS, et al.         :
                              :
    Defendant - Appellant      :
                              :

   For the reasons stated in our accompanying Opinion on file, the judgment of the

Ashland County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


 

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER