[Cite as *Bank of New York Mellon v. Magby*, 2019-Ohio-3042.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

BANK OF NEW YORK MELLON,  :

    Plaintiff-Appellee,  :

                                         No. 107853

    v.  :

KARLEAN MAGBY, ET AL.,  :

    Defendants-Appellants.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2019

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-17-881854

---

### *Appearances:*

Clunk, Hoose Co., L.P.A., Laura C. Infante, and Ashley E. Mueller, *for appellee*.

DannLaw L.L.P., Marc E. Dann, and William C. Behrens, *for appellant*.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Karlean Magby appeals the decree of foreclosure entered upon summary judgment. For the following reasons, we affirm.

{¶ 2} Magby purchased the property in November 2006 and made payments on the note for the first six months. No payments have been made since that time. After several fits and starts to foreclosure proceedings on the note and mortgage[1] in general, the Bank of New York Mellon, f.k.a. The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-26 ("Mellon"), filed the underlying foreclosure action in June 2017 seeking to foreclose on the property. Mellon does not seek a monetary judgment on the unsatisfied debt. The trial court granted summary judgment in Mellon's favor concluding that foreclosure was warranted based on the undisputed evidence. Mellon was in possession of the note and mortgage, which had been directly assigned to it by the original lender, America's Wholesale Lender, which was a registered, fictitious name under which Countrywide Homes, Inc., operated in Ohio.

{¶ 3} Magby does not dispute her outstanding indebtedness. Instead, Magby contends that the note and the mortgage are unenforceable because she entered the agreement with America's Wholesale Lender, a fictitious entity. According to Magby, the note and mortgage are invalid because America's Wholesale Lender did not have the capacity to lend her the money used to finance the home she purchased. In the alternative, Magby argues that the trial court erred in granting the decree of foreclosure without affording her an opportunity to file a cross-claim against the defaulting defendants to either force those defendants to

---

[1] Magby represented that at least three foreclosure proceedings were filed during the decade that led up to the current action, but each was dismissed for various procedural reasons, otherwise than on the merits.

enter an appearance in the action or to disclaim any interest in the action. The proposed cross-claim attached to Magby's motion reiterated her argument regarding the invalidity of the note and mortgage, but it did not contain any claims asserted against the nonanswering defendants. Instead, the sole remedy was for a declaration that the nonanswering defendants held no interest in the note or mortgage.

{¶ 4} We need not extensively dwell on the decision denying Magby leave to file the cross-claim against the nonanswering defendants. Through the default mechanism, the nonanswering defendants conceded the lack of interest in the note and mortgage.

{¶ 5} The granting of leave to amend a pleading is within the sound discretion of the trial court. *Lloyd v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 107214, 2019-Ohio-1885, ¶ 31, citing *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 1999-Ohio-207, 706 N.E.2d 1261, and *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). Although leave to amend should be liberally granted, the party seeking such must still provide some good-faith basis for the amendment. *Id.* at ¶ 33, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). The relief sought in the cross-claim was duplicative of the remedy offered through the default judgment entered against the nonanswering defendants. We can find no error in the trial court's decision to deny Magby leave to amend her answer to include the cross-claim under Civ.R. 15,

much less could it be found that the trial court abused its discretion in this regard. Magby's argument is overruled.

{¶ 6} In the remaining assignments of error,[2] Magby focuses on her general claim that America's Wholesale Lending is a fictitious entity, and therefore, it lacked capacity to enter into the note and mortgage associated with Magby's purchase of residential property. According to Magby, this invalidates the attempts to foreclose on her property.

{¶ 7} The court entered final judgment upon Mellon's motion for summary judgment. Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. "Summary judgment may be granted only when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that

---

[2] Magby also argues that the trial court erred in applying R.C. 5301.07, effective April 6, 2017, to the note and mortgage executed in 2006. That statutory section provides that a defective real property instrument that is more than four years old from the date of recording can be enforced. The entire assignment of error dealing with R.C. 5301.07 focuses on the procedural posture of the case and the arguments advanced in the trial court's proceeding. Magby acknowledges that the retroactive application of the statute is a novel issue, but presents no arguments or legal authority in support of her conclusion that the statute is ineffective against her decade-old real property instrument. Even if we were to agree with Magby, this court would have to provide the legal rationale that supports the theory, and doing so would deprive Mellon with the opportunity to present countervailing arguments. *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21. We decline to consider the issue as briefed. *Capital One Bank (USA), N.A. v. Gordon*, 8th Dist. Cuyahoga No. 98953, 2013-Ohio-2095, ¶ 8; App.R. 16(A)(7).

conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

{¶ 8} Magby executed the note and mortgage in favor of America's Wholesale Lender. Shortly thereafter, Countrywide Home Loans, d.b.a. America's Wholesale Lender, assigned its interest in the note and mortgage to Mellon. Magby stopped paying on the note within six months of obtaining the loan. There is no dispute that she has defaulted under the terms of the note, or that through the assignment and being in possession of the note and the mortgage at the time of filing the underlying action, Mellon has standing to pursue the remedy of foreclosure.

{¶ 9} Instead of addressing the merits of the foreclosure action under the aforementioned standard, Magby claims the assignment from Countrywide Home Loans to Mellon was invalid because America's Wholesale Lender held itself out as a corporation and the entity know as Countrywide Home Loans could not assign its interest to Mellon. The undisputed evidence, however, demonstrates that Countrywide Home Loans registered to operate in Ohio under the "d.b.a." designation America's Wholesale Lender. Magby has not presented any authority to demonstrate that such a practice was contrary to Ohio law. *See, e.g., Green Tree Servicing L.L.C. v. Luce*, 11th Dist. Ashtabula No. 2015-A-0022, 2016-Ohio-1011, ¶ 21, quoting *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 15 (corporations have the right to adopt and operate under fictitious names in Ohio "'so long as it is not done with fraudulent purpose or against

public policy.'"); *Bank of Am., N.A. v. Lewis*, 5th Dist. Ashland No. 12-COA-035, 2013-Ohio-2293, ¶ 37.

{¶ 10} Magby's argument, in the attempt to invalidate her agreement, is entirely predicated upon a Florida state trial court decision in *U.S. Bank, Natl. Assn. v. Dimant*, 2016 Fla. Cir. LEXIS 29485, *1 (19th Cir. Ct., Feb. 12, 2016), which dismissed a foreclosure complaint based on the conclusion that America's Wholesale Lender, a fictitious entity, was not authorized to conduct business under Florida law, and therefore, the assignment of the note and mortgage to the plaintiff by Countrywide Home Loans, doing business as America's Wholesale Lender was in violation of Florida law. According to that trial court, this deprived the assignee of the note and mortgage of standing to pursue the foreclosure. The court provided no legal analysis upon which its legal conclusions were reached, and therefore, the decision provides little insight in the discussion.

{¶ 11} *Dimant* is unpersuasive for another reason. The Fifth District Court of Appeal in Florida reached the opposite conclusion and concluded that Florida law permitted Countrywide Home Loans to operate under the fictitious name America's Wholesale Lender. In *Bank of Am., N.A. v. Nash*, 200 So.3d 131, 133 (Fla. 5th DCA 2016), the defendant had executed a promissory note secured by a mortgage in favor of America's Wholesale Lender. *Id.* Countrywide Home Loans, listed as a New York Corporation Doing Business as America's Wholesale Lender, endorsed the note and assigned the mortgage to BAC Home Loans Servicing, LP. The Fifth District Court of Appeal held that under Florida law, the use of a fictitious name did not impair the

validity of the note or mortgage even if Countrywide Home Loans, Inc., failed to properly register the name. *Nash* is not an isolated result. *See Sparks v. Bank of New York Mellon*, S.D.Tex. No. H-14-813, 2015 U.S. Dist. LEXIS 88055, *9 (July 7, 2015) (disregarding the argument that Countrywide Home Loans, Inc., lacked capacity to assign the note and mortgage executed in favor of America's Wholesale Lender); *Bank of New York Mellon v. Henry*, 198 A.3d 443 (Pa.App.2018) (same). At least one Ohio court has reached the same conclusion. *See, e.g., Green Tree Servicing* at ¶ 21.

{¶ 12} Magby does not address any of the foregoing. Instead she directs our attention to *Blough v. Smythe Cramer*, 9th Dist. Summit No. 25913, 2012-Ohio-2373. In that case, as is relevant to the current issue, the court concluded that an owner of a corporate entity cannot argue that the corporation lacks capacity to enter a contract if the entity is held out to be a valid corporation. *Id.* at ¶ 11. The plaintiff in *Blough* attempted to file a claim on his own behalf based on a contract entered into by the corporate entity that he operated. Before entering the contract, however, the plaintiff had permitted the corporate registration to lapse. *Id.* The court concluded that the plaintiff could not substitute himself as the real party in interest to the contract by claiming that the corporation lacked capacity to enter the agreement based on the fact the registration had expired. *Id.* The case is inapplicable the current issue. *Blough* did not address an entity registered to operate under a fictitious name — it dealt with expired corporate registrations.

**{¶ 13}** Magby has not presented any arguments warranting a reversal. In light of the arguments presented for our review,[3] we cannot conclude that the trial court erred in granting the foreclosure in favor of Mellon. We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[3] For the first time in the reply brief, Magby asks this court to revisit our decision in *Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35, in which it was concluded that a mortgagor lacks standing to challenge the assignment of the note and mortgage. Magby did not advance this issue in her merit briefing. We cannot address new arguments raised for the first time in a reply brief. *Smith v. Nationwide Mut. Ins. Co.*, 2018-Ohio-3758, 120 N.E.3d 72, ¶ 25 (10th Dist.), fn. 1, citing *In re Fuel Adjustment Clauses for Columbus S. Power Co.*, 140 Ohio St.3d 352, 2014-Ohio-3764, 18 N.E.3d 1157, ¶ 37.